IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Lawrence, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -vs- ) | No. |
| ) | |
| Thomas Dart, Sheriff of Cook ) | *(jury demand)* |
| County, and Cook County, Illinois ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Christopher Lawrence is a disabled resident of the Northern District of Illinois who is missing his left leg. Plaintiff, who is able to walk by using crutches and a prosthetic left limb, is not currently confined in any jail or prison.

3. Defendant Thomas Dart is the Sheriff of Cook County; plaintiff sues Dart in his individual capacity under 42 U.S.C. Section 1983 and in his official capacity on the ADA and Rehabilitation Act Claims.

4. Defendants Cook County and Dart are jointly responsible for the needs of detainees at the Cook County Jail, including needs related to disability.

5. Defendant Cook County is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). Plaintiff's claims against Cook County are not limited to indemnification.

6. Plaintiff was a pre-trial detainee at the Cook County Jail from on or about January 16, 2012 until the criminal charges against him were dismissed on or about February 1, 2012.

7. In the course of being processed into the Jail in 2012, medical personnel employed by defendant Cook County examined plaintiff, verified that he was an amputee, and furnished him with crutches which he required in order to walk.

8. In accordance with the official policies of defendant Dart, a correctional officer made the final decision in January of 2012 of whether plaintiff would be held in a housing unit that could accommodate plaintiff's disability.

9. The officer failed to assign plaintiff to an accessible housing unit and assigned plaintiff to a second floor housing unit.

10. This assignment to a second floor housing unit required plaintiff to ascend and descend flights of stairs several times a day in order to take part in jail programs, such as obtaining clean clothing, meals, and medicine, all of which were distributed on the first floor.

11. On January 18, 2012, Plaintiff received serious personal injuries when he fell down a flight of stairs while walking from his second floor housing unit to the ground floor where he intended to take part in the program or service of food distribution.

12. The above referred injuries included trauma and swelling to his left wrist and hip which required in-patient treatment at Cermak Health Services of Cook County.

13. Plaintiff initiated a civil action to seek compensation for his injuries, *Lawrence v. Dart, et al.*, 13-cv-2053.

14. In the above referred lawsuit, plaintiff sought to impose liability on defendant Dart in his individual capacity on his claim under 42 U.S.C. § 1983. *Lawrence v. Dart*, 13-cv-2053, Mem.Op. July 12, 2013, ECF No. 21 (attached as Exhibit 1).

15. The parties resolved 13-cv-2053 in January of 2014.

16. By July of 2015, defendant Dart had personal knowledge of the barriers faced by disabled detainees in taking part in jail programs and activities and in avoiding personal injuries while at the Jail.

17. Dart acquired this personal knowledge as the result of his direct, hands-on involvement in the running of the Jail, as well as numerous lawsuits, including the lawsuit filed by plaintiff, by disabled detainees.

18. Dart also acquired the above referred personal knowledge as a result of reports to Dart by the United States Department of Justice about barriers to disabled detainees at the Jail.

19. In 2011, defendant Dart had been instructed by the three judge court in *United States v. Cook County*, 761 F.Supp.2d 794 (N.D.Ill. 2011) that he would be committing an actionable constitutional violation if he allowed the incarceration of persons with special needs at the Cook County Jail when the Jail did not have adequate capacity to accommodate those persons.

20. Notwithstanding this personal knowledge, defendant Dart refused to take any action to require that each disabled detainee be held in a housing unit that would accommodate his (or her) needs and continued to accept disabled detainees into the Jail when the Jail did not have adequate capacity to accommodate those persons.

21. Plaintiff was again a pre-trial detainee at the Cook County Jail from on August 7, 2015 until the criminal charges against him were dismissed on August 21, 2012.

22. In the course of being processed into the Jail in 2015, medical personnel employed by defendant Cook County examined plaintiff, verified that he was an amputee, and furnished him with crutches which he required in order to walk.

23. A correctional officer initially assigned plaintiff to a housing unit that could accommodate plaintiff's disability, but on August 19, 2015, in accordance with the official policies of defendant Dart, a correctional officer re-assigned plaintiff to a housing unit that could not accommodate plaintiff's disability.

24. The housing unit to which the officer assigned plaintiff on August 19, 2015 did not have a suitable apparatus to permit plaintiff to take part safely in the jail program or activity of showering.

25. Plaintiff complained to a correctional officer and to a nurse about the problem presented by the shower; in accordance with defendant Dart's official policies, these persons turned a deaf ear to plaintiff's complaints.

26. As the direct and proximate result of being required to shower in a shower facility that was unsafe for plaintiff because of his disability,

plaintiff fell in the shower and suffered serious personal injuries on August 19, 2015.

27. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States and he was unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973.

28. Plaintiff hereby demands trial by jury.

WHEEREFORE, the Plaintiff requests that judgment be entered in his favor against the Defendant Dart in his individual capacity for appropriate compensatory and punitive damages, and against defendant Cook County for appropriate compensatory damages, plus attorney fees and costs.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiff*