**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 11242 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John J. Tharp, Jr. |
| THOMAS J. DART, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DART'S PARTIAL MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

NOW COMES Defendant, THOMAS J. DART, in his individual capacity ("Defendant Dart"), through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, James E. Nichols, and moves this Honorable Court to dismiss Plaintiff's Complaint against Defendant Dart for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6). In support thereof, Defendant Dart states as follows:

**INTRODUCTION**

Plaintiff filed his Complaint, through counsel, on December 14, 2015, against Sheriff Thomas J. Dart, in his individual capacity, under 42 U.S.C. § 1983 ("Section 1983"). (See *Plaintiff's Complaint* ("Complaint"), Dkt. #1 at ¶3.) Plaintiffs' Complaint appears to state additional claims against Defendant Dart, in his official capacity, and Cook County, under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). (*Id.* at ¶¶3-5.) Defendant Dart moves this Honorable Court to dismiss Plaintiff's Section 1983 individual capacity claims.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *See Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. See *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the court need not strain to find inferences from the complaint's allegations. *Brown v. Nash*, 1995 U.S. Dist. LEXIS 4543, *4 (N.D. Ill. April 6, 1995). Statements of law, however, need not be accepted as true. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Under F.R.C.P. 12(b)(6), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible" when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 556. Moreover, Plaintiff must "provide some specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "Surviving a F.R.C.P. 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." See *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

## ARGUMENT

For the following reasons, Plaintiff's Complaint fails to state a Section 1983 individual capacity claim against Defendant Dart, and should therefore be dismissed as a matter of law.

2

Plaintiff's complaint fails to allege sufficient facts to support an inference of a causal nexus between Defendant Dart's alleged conduct, and the harm allegedly sustained by Plaintiff. While this Honorable Court must accept Plaintiff's well-pleaded allegations as true, Plaintiff's Complaint contains several conclusory allegations that plainly fail to support the legal conclusion asserted in Paragraph 26 of Plaintiff's Complaint.

## I. Plaintiff Fails to State a Claim Against Defendant Dart in His Individual Capacity.

Plaintiff's Complaint lists THOMAS J. DART as a Defendant. (Complaint at ¶3.) The individual capacity claim fails as a matter of law because Plaintiff's Complaint fails to allege any facts that could support a reasonable inference that Defendant Dart's *personal* acts or omissions *caused* Plaintiff to fall down while showering at Cook County Jail. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

## A. Section 1983 Individual Capacity Liability, Generally.

As a preliminary matter, Section 1983 does not authorize "supervisory liability." See *Iqbal*, at 556 U.S. 662, 675-677. Section 1983 creates liability only for a defendant's personal acts or decisions. *Vinning-El v. Evans*, 675 F.3d 703, 708 (7th Cir 2012). For a supervisor to be liable under section 1983, he must be *personally* responsible for the deprivation of the constitutional right. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). To establish an individual capacity claim against Defendant Dart under Section 1983, Plaintiff must show that Defendant Dart was deliberately indifferent to his clearly established constitutional rights. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007); *Cavalieri v. Sheppard*, 321 F.3d 616, 620 (7th Cir. 2003). Deliberate indifference has both objective and subjective aspects; Plaintiff must articulate a clearly established constitutional right and Defendant Dart, in turn,

must be subjectively aware of and consciously disregard Plaintiff's constitutional right. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008).

## B. Plaintiff's Alleged Constitutional Deprivation.

Plaintiff identifies "showering" as the constitutional right at issue in his Complaint. (Complaint at ¶24.) Regarding prisoner rights, the Seventh Circuit has recognized that a prisoner's access to shower facilities is one of the minimum "life's necessities" afforded by the Constitution. *Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Plaintiff's Complaint alleges the following two theories to sustain his claim that Defendant Dart, personally, denied Plaintiff access to showering facilities at Cook County Jail: (1) that on August 19, 2015, Defendant Dart, through one of his employees, assigned Plaintiff to a living unit that "did not have a suitable apparatus to permit Plaintiff to take part safely in … showering;" and (2) that Defendant Dart's "personal knowledge" of unspecified accessibility issues at the Cook County Jail, ultimately caused Plaintiff to "[fall] in the shower and [suffer] serious personal injuries on August 19, 2015." (Complaint at ¶¶ 16-20, and 23-26.)

## C. Plaintiff Alleges No Facts to Support an Inference that Defendant Dart Was, Personally, Deliberately Indifferent to Plaintiff's Right to Showering.

Regarding the objective prong of deliberate indifference, Defendant Dart does not dispute that "showering" is a constitutionally protected right afforded to incarcerated persons. *Jaros*, at 684 F.3d 670. However, Plaintiff's Complaint plainly fails to satisfy the *subjective* prong of deliberate indifference. To satisfy the subjective prong of deliberate indifference, Plaintiff must allege that Sheriff Dart was aware of and consciously disregarded Plaintiff's right to "showering" while Plaintiff was detained at Cook County Jail. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Further, Plaintiff must establish that Defendant Dart was personally responsible for

4

Plaintiff's alleged constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery"). For a supervisor to be liable, he must be "personally responsible for the deprivation of the constitutional right." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 1995) (quoting *Duckworth*, at 65 F.3d 561); *Matthews*, at 675 F.3d 708.

Plaintiff's Complaint alleges that Sheriff Dart, personally, participated in his alleged constitutional deprivation when one of Defendant Dart's employees, "in accordance with the official policies of defendant Dart … reassigned plaintiff to a housing unit that could not accommodate Plaintiff's disability." (Complaint at ¶23.) Plaintiff seeks to buttress his claim that Sheriff Dart was personally involved in Plaintiff's alleged constitutional deprivation by alleging that "in accordance with defendant Dart's official policies," Defendant Dart's employees "turned a deaf ear to plaintiff's complaints" about the shower facilities provided to Plaintiff at Cook County Jail. (*Id.* at ¶25.)

Based on the the face of Plaintiff's Complaint, Defendant Dart's participation, or personal involvement, in Plaintiff's alleged constitutional deprivation appears to be limited to Defendant Dart's role as a policy maker at the Cook County Jail. (*Id.* at ¶¶23 and 25.) These allegations – even if taken as true for the purpose of this Motion – do not support a reasonable inference that Sheriff Dart, *personally*, participated in Plaintiff's alleged constitutional deprivation. Indeed, Plaintiff's "bare, conclusory" allegations fail the plausibility standard set forth in *Iqbal* and *Twombly*, because they cannot sustain an inference of any plausible relationship between Sheriff Dart's conduct and Plaintiff's alleged constitutional deprivation. *Iqbal*, at 556 U.S. 677-678.

5

In addition to failing the plausibility standard set forth in *Iqbal* and *Twombly*, Plaintiff's Complaint appears to be seeking to impose Section 1983 liability on Defendant Dart based on the alleged misconduct of Defendant Dart's employees. (Complaint at ¶¶23-27.) Section 1983, however, provides no basis for recovery against Defendant Dart under a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no facts sufficient to establish the necessary "causal connection or affirmative link" between the action complained about (Plaintiff's living unit assignment) and Sheriff Dart, personally. *Duckworth*, at 65 F.3d 561. Plaintiff does not allege that Defendant Dart, personally, assigned him to his living unit on August 19, 2015; rather it was one of Defendant Dart's employees. (Complaint at ¶23.) Nor does Plaintiff allege that Defendant Dart, personally, ignored "plaintiff's complaints" about Cook County Jail's showering facilities; rather it was Defendant Dart's employees who allegedly ignored "plaintiff's complaints." (*Id.* at 25.) Accordingly, this Honorable Court should dismiss Plaintiff's individual capacity claim against Defendant Dart pursuant to F.R.C.P 12(b)(6).

### D. Plaintiff Alleges No Facts to Show the Requisite Causal Nexus Between Defendant Dart's Personal Conduct and Plaintiff's "Serious Personal Injuries."

As stated, *supra*, individual liability under Section 1983 must be premised on the defendant's personal conduct and involvement in the alleged constitutional deprivation. *Chavez*, at 251 F.3d 612, 651; *Duckworth*, at 65 F.3d 555, 561. Moreover, to establish a supervisor's personal involvement, the Plaintiff must allege facts that show that the supervisor knew about the conduct of his subordinates, and otherwise facilitated, approved, condoned, or willfully ignored said conduct. *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988).

Perhaps recognizing the tenuous nature of his individual capacity claim against Defendant Dart, Plaintiff's Complaint attempts to manufacture a causal link between Plaintiff's injuries and Defendant Dart's conduct. Specifically, Plaintiff alleges that Sheriff Dart had "personal knowledge" of unspecified accessibility issues at existing at the Cook County Jail based on Plaintiff's previous lawsuit; reports from the United States Department of Justice; and a 2011 case. (Complaint at ¶¶16-19.) Plaintiff further alleges that despite this "personal knowledge," Defendant Dart took no action to ensure disabled detainees are housed in living units at Cook County Jail that accommodate their disabilities. (*Id.* at 20.) However, just a few paragraphs later, Plaintiff contradicts these allegations by admitting that from August 7, 2015, to August 19, 2015, Plaintiff was housed a living unit at Cook County Jail that *did* accommodate his disabilities. (Complaint at ¶21-23.)

Plaintiff then concludes that his "personal injuries" were caused when he fell down in the "unsafe" shower that one of Defendant Dart's employees allegedly forced Plaintiff to use. (Complaint at ¶26.) These allegations fail the plausibility test set forth in *Iqbal* and *Twombly* for several reasons. First, Plaintiff fails to allege facts that would support any inference that Defendant Dart, personally, was aware of Plaintiff's disabilities. Second, Plaintiffs' Complaint fails allege facts that show how Defendant Dart's "personal knowledge" of accessibility issues at Cook County Jail had any bearing on Plaintiff's August 19, 2015, living unit assignment. Third, Plaintiff's Complaint fails to allege facts that show that Sheriff Dart, personally, was aware of Plaintiff's August 19, 2015, living unit assignment. Finally, and most crucially, Plaintiff fails to allege facts that show *how* Sheriff Dart's "personal knowledge" of accessibility issues at Cook County Jail caused Plaintiff to fall down in the shower on August 19, 2015.

7

Despite these causal deficiencies, Plaintiff concludes that his personal injuries were the "direct and proximate result of being required to [use] a shower facility that was unsafe for plaintiff because of his disability." (Complaint at ¶26). Plainly stated, even if this Honorable Court accepts all of Plaintiff's factual allegations as true, Plaintiff's legal conclusion should be rejected, as it is unsupported (and even contradicted) by Plaintiff's allegations. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Accordingly, Plaintiff's Section 1983 individual capacity claim against Defendant Dart, should be dismissed pursuant to F.R.C.P. 12(b)(6).

<u>CONCLUSION</u>

WHEREFORE, Defendant, THOMAS J. DART, in his individual capacity, for all of the foregoing reasons, respectfully requests that this Honorable Court grant Defendant's Dart *Partial Motion to Dismiss* pursuant to F.R.C.P. 12(b)(6). Moreover, Defendants, THOMAS J. DART and COOK COUNTY respectfully request that this Honorable Court stay any responsive pleadings or discovery in this matter until this Honorable Court rules on this motion.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:  */s/ James E. Nichols*
James E. Nichols
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3474
james.nichols2@cookcountyil.gov